**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CAMELIA PEATROSS,                                    Civil Case No. 12-10241

        Plaintiff,                                    SENIOR U.S. DISTRICT JUDGE
                                                      ARTHUR J. TARNOW

v.

CARRIE CURNOW,

        Defendant.
_____/

**ORDER OF DISMISSAL**

      On January 19, 2012, Plaintiff filed a *pro se* Complaint [1] in this case. On February 1, 2012, the Court issued an order for Plaintiff to show cause why this case should not be dismissed for lack of jurisdiction. Before the Court is Plaintiff's Response [5] to the Show Cause Order.

      Plaintiff was permitted to proceed *in forma pauperis*. Order [4]. Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if the court finds that the case is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous under § 1915 if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 323 (1989); *see also Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (stating that complaints should be dismissed as frivolous "only when the claim is based on an indisputably meritless legal theory, or where the complaint's factual contentions are clearly baseless"). The Court's determination of failure to state a claim under § 1915 is the same as its determination under FED. R. CIV. P. 12(b)(6). *See* 1 MOORE'S FED. PRACTICE § 4.41[3]. That is, a complaint fails to state a claim where it lacks "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

      Here, Plaintiff's Complaint states that Defendant Curnow "lied on the stand under oath" and that a prosecutor "made . . . up [a] case, for political gains." Compl. [1], at 1-2. Plaintiff states that she would like a judgment in her favor "to restore honor to [her] name and career." Resp. [5], at 6.

Plaintiff does not, however, state a legal theory under which she is bringing her claim. From these factual allegations, the Court cannot infer any viable legal theory under which Plaintiff could sustain a recovery. *See Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003); *Schied*, 859 F.2d at 436.

Only certain kinds of actions may be filed in the federal district court, and if this Court determines that it has no basis for jurisdiction over this case, it cannot grant relief, and the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff has not identified this Court's basis for jurisdiction in this case.

Therefore, the Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that this case is **DISMISSED**.

**SO ORDERED**.

                                                  s/Arthur J. Tarnow
                                                  ARTHUR J. TARNOW
                                                  SENIOR U.S. DISTRICT JUDGE

Dated: February 23, 2012

---

**CERTIFICATE OF SERVICE**

I hereby certify on February 23, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 23, 2012: **Camelia Peatross.**

                                                  s/Michael E. Lang
                                                  Deputy Clerk to
                                                  District Judge Arthur J. Tarnow
                                                  (313) 234-5182